$350.00

MSG

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HOLT II,** | : | CIVIL ACTION |
| Plaintiff, | : | NO.: |
| v. | : | **10 5510** |
| | : | JURY DEMAND |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **CAPT. STEVEN JOHNSON,** and | : | FILED |
| **SGT. KRISTAL TURNER-CHILDS,** | : | |
| Defendants. | : | |

## COMPLAINT

I.  INTRODUCTION

1. Plaintiff brings this civil action seeking all relief provided under the law including but not limited to compensatory, consequential, nominal, and punitive damages, reasonable attorney fees, litigation costs, and equitable relief including injunctive and declaratory relief such as but not limited to reinstatement and the declaration of an unconstitutional, void an invalid policy and conduct.

2. The relief sought is provided under The 1964 Civil Rights Act, (42 U.S.C. §1983 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000(e) et seq.) and the comparable state law, The Pennsylvania Human Relations Act (43 P.S. § 951 et seq.) and The United States Constitution and laws of the United States and for the deprivation of; the First and Fourteenth Amendment constitutional rights to free speech, petition clause, due process, and equal protection; retaliation for constitutionally and statutory protected activities; for the denial of equal employment terms and conditions because of race and/or sex, and/or retaliation for opposition to race and/or sex discrimination.



3. The law was clearly established under the United States Constitution, law or regulations at the time of the Defendants acts, actions, and/or omissions, that caused or were known or should have been known by Defendant's would likely cause the deprivation.

4. As is more fully set forth below, Defendants for all times related to the claims acted intentionally, recklessly, maliciously, with gross negligence, in reckless disregard of and/or in deliberate indifference to the Plaintiffs' rights.

5. The Defendants at all times related to the claims knew or were on notice that their conduct would result or likely result in a deprivation of the rights, and that their conduct would subject them to liability under The Civil Rights Act of 1964 (42 U.S.C. § 1983 et seq.).

6. As is more fully set forth below, the Defendants while acting under color of state law and a policy which too is more fully identify below, intentionally recklessly, maliciously, and/or in reckless disregard or deliberate indifference of Plaintiff's rights deprived the Plaintiff of said federally secured rights to free speech, petition clause, due process, and equal protection rights.

II. JURISDICTION / VENUE

7. Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 42 U.S.C. § 1983 et seq., The Civil Rights Act of 1964, its amendments and under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (3) and (4) (Civil Rights).

8. Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the cause of action herein pleaded occurred in Berks County which is located in the venue established for the District Court for the Eastern District of Pennsylvania. Plaintiff's invoke supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the state pendent claims.

III. PARTIES

9. DAVID HOLT II, (herein after Plaintiff), is a resident of and has domicile in the County of Berks, Pennsylvania; he is a person as intended by the Civil Rights Act of 1964 (42 U.S.C. § 1983 et seq.); and an employee as intended under Title VII (42 U.S.C. 2000e et seq.).

10. COMMONWEALTH OF PENNSYLVANIA, (herein after Defendant) is a public employer that falls under and is an employer as intended under Title VII (42 U.S.C. § 2000(e)); and employs more than 20 employees, including Plaintiff and individual defendants.

11. STEVEN JOHNSON (herein after Capt. Johnson) is a resident of and has domicile in the County of Chester, Pennsylvania; he is a person as intended by the Civil Rights Act of 1964 (42 U.S.C. § 1983); a supervisor and/or decision-makers as intended by the "cat's paw" theory of liability; and a decision maker who participated in the adverse actions taken against Plaintiff as intended under "aider and abettor" liability.

12. KRISTAL TURNER-CHILDS (herein after Sgt. Turner-Childs) is a resident of and has domicile in the County of Dauphin, Pennsylvania; he is a person as intended by the Civil Rights Act of 1964 (42 U.S.C. § 1983); a supervisor and/or decision-makers as intended by the "cat's paw" theory of liability; and a decision maker who participated in the adverse actions taken against Plaintiff as intended under "aider and abettor" liability.

IV. FACTS

13. On about November 6, 1994 Plaintiff was hired by the Commonwealth of Pennsylvania as a State Police Officer.

14. In or about May 2005 Plaintiff was promoted to the position of Corporal.

15. In or about November 2006 Plaintiff was promoted to the position of sergeant.

16. In or about February 2007 and again in August 2009 Plaintiff participated in the lieutenant promotional exam, both times receiving a grade making him eligible for the promotion but did not receive it.

17. On or about September 25, 2008, Plaintiff was involved in an incident with a Ms. Sharon Phillips. Phillips contacted Plaintiff about a possible warrant out for her arrest. Plaintiff contacted District Judge John Dougherty to confirm the warrant. Phillips then informed Plaintiff that the victim of the assault was deceased. Plaintiff contacted Judge Dougherty, Berks County District Attorney Office investigator, and Joe Brown of West Reading to confirm this but none of them were aware of this fact. On or about October 23, 2008, Plaintiff contacted Assistant District Attorney Colin Boyer to inform him that the victim was deceased and to inquire about the status of the case against Phillips. Plaintiff was asked to leave the courthouse by Judge Dougherty. Judge Dougherty later called State Police Lt. Thomas McDaniel and said that Plaintiff was interfering in a police investigation; however the Judge did not make a formal complaint. Captain Steven Johnson, after speaking with retired Lt. Lisa Damore, ordered a full internal investigation into the incident.

18. On or about October 27, 2008 Plaintiff was advised that he was being formally investigated for interfering with an outside agencies criminal investigation.

19. In or about December 2008, Plaintiff asked Lt. William White to advise Captain Steven Johnson that he would like to be considered for the position of Reading Patrol Sergeant. Plaintiff was not awarded the position.

20. On or about January 23, 2009, Corporal Wayne Elser, white, was promoted to the position of acting Reading Patrol Sergeant by Johnson. Elser was of a lower rank, and had less training than Plaintiff, but was given the temporary promotion over him.

21. On or about February 26, 2009, Capt. Johnson awarded the position of Reading Patrol Sergeant permanently to Sgt. Andrew Wenger, white.

22. On or about March 17, 2009, Plaintiff was interviewed by Internal Affairs regarding the incident with Ms. Phillips.

23. On or about March 17, 2009 Plaintiff was involuntarily reassigned to Staff Services Unit without an explanation by Capt. Johnson. This removed Plaintiff from "patrol related" decisions. The white troopers who are transferred to Staff Services are given notice or have performance deficiencies.

24. On or about March 18, 2009, at the direction of Capt. Johnson Plaintiff was removed from the "Officers of the Day" roster without explanation; however white troopers are not removed from the roster without explanation.

25. In or about March 2009 the following opportunities and/or rights and/or responsibilities were denied to Plaintiff; (a) denied keys to to access the evidence locker, (b) denied access to the evidence room, (c) denied access to the impound lot, and (d) denied access to the records and identification room, which opportunities, rights and responsibilities were given to all other Staff Service Sergeants; for example, Sgt. Arthur Giles, Sgt. David Wellman, both Staff Sergeants similarly situated as Plaintiff. This denial of keys and access to necessary areas of the station severely hindered Plaintiff from being properly trained and from performing his duties efficiently as a Staff Service Sergeant. A new Captain took over the Unit in or about June 2009. A year later, upon finding out that Plaintiff was denied access keys and access to certain vital areas of the station, Plaintiff was finally given access keys in or about June 2010.

26. On or about April 3, 2009, Capt. Johnson was notified that Plaintiff would like opportunities at commanding the Jonestown or Schuylkill Haven Station, or supervising the Reading Patrol Unit.

27. On or about April 6, 2009 Capt. Johnson "sustained" the internal investigation against Plaintiff.

28. On or about April 7, 2009 Plaintiff filed a formal internal EEO complaint against the Pennsylvania State Police, specifically, alleging racial discrimination.

29. On or about May 5, 2009 the EEO Unit sent correspondence to Plaintiff notifying him that they did not find a substantial charge of racial discrimination. Plaintiff believes that an investigation did not ensue from his complaint and/or his complaint was not properly investigated. Specifically, Sgt. Kristal Turner-Childs, Director of EEO operations, neglected to investigate and/or failed to properly investigate his complaint.

30. On or about May 21, 2009, Plaintiff filed a charge with the Pennsylvania Human Relations Commission ("PHRC") against the Pennsylvania State Police alleging racial discrimination. This was cross field with the Equal Employment Opportunity Commission ("EEOC").

31. In or about July 2009 Capt. Johnson retired from the department.

32. On or about July 7, 2009, Capt. Johnson selected Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white, to be named Station Commanders for the Jonestown and Schuylkill stations respectively. Plaintiff had seniority over both these sergeants and had more training experience.

33. On or about July 21, 2009 Plaintiff filed a second charge with the PHRC against the Pennsylvania State Police alleging racial discrimination in the hiring of Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white, were named Station Commanders for the Jonestown and Schuylkill stations respectively. This was cross filed with the EEOC.

34. On or about November 12, 2009, at the direction of Capt. Johnson, Plaintiff was received a three (3) day suspended without pay for; conduct unbecoming, intervention in arrest or prosecution, restrictions, and command/supervisory responsibility, regarding the Phillips incident in 2008. Capt. Johnson sent findings to Harrisburg.

35. In or about November, 2009 Plaintiff filed a grievance with the Pennsylvania State Troopers Association.

36. On or about December 17, 2009, Plaintiff received a settlement agreement from the Pennsylvania State Troopers Association as a resolution to Plaintiff's grievance. The charge of intervention in prosecution was removed, but the charges of conduct unbecoming, restrictions, and command responsibility, along with the three (3) day suspension remain on his record. This suspension made Plaintiff ineligible for certain promotions within the department such as Lieutenant and unable to transfer from his troop.

V.   CAUSES OF ACTION

COUNT I
42 U.S.C. § 1983 et seq.
First Amendment Retaliation

37. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

38. Plaintiff is a member of a protected class in that he engaged in United States Constitutional First Amendment free speech and petition clause activity as follows: (a) Plaintiff filed a formal internal EEO complaint against the Pennsylvania State Police, specifically, alleging racial discrimination; (b) Plaintiff filed two charges with the Pennsylvania Human Relations Commission ("PHRC") against the Pennsylvania State Police alleging racial discrimination; and (c) filed a grievance against the Pennsylvania State Troopers.

39. The aforementioned Plaintiff activity, stated in ¶¶ 13, 15, 17 and 19 of this complaint, is and was at the time recognized and clearly established to be First Amendment free speech and/or petition clause activity, which activity is and was known by the Defendants to be protected activity under the United States Constitution.

40. Plaintiff did not have a duty to report the perceived illegal conduct or misconduct, specifically race discrimination and/or racial harassment, engaged in by Defendants, Capt. Johnson, and Sgt. Turner-Childs.

41. Plaintiff spoke out against said discrimination as a private citizen on a matter of public concern. The public concern was that: (a) Defendants, as public employees and/or supervisors of Plaintiff engaged in illegal conduct or misconduct in the workplace, (b) that a governmental or public employer, the Commonwealth of Pennsylvania, condones and/or acquiesces such illegal conduct or misconduct by its employees and/or supervisors, Defendants, Capt. Johnson, and Sgt. Turner-Childs, in failing to take action when misconduct was reported, and retaliating against any person who reports illegal conduct or misconduct in the workplace.

42. Plaintiff's reporting of perceived race discrimination and/or racial harassment was subject to the following adverse actions: (a) Plaintiff believes that an investigation did not ensue from his complaint and/or his complaint was not properly investigated, specifically, Sgt. Kristal Turner-Childs, Director of EEO operations, neglected to investigate or properly investigate his complaint; (b) Denied a promotion for Station Commander at Jonestown and Schuylkill, which were awarded to Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white; and (c) Plaintiff was given an unwarranted three (3) day suspension.

43. The substantial and/or motivating reason for the retaliation was the Plaintiff's First Amendment activity of opposing perceived race discrimination and/or racial harassment.

44. Defendants acted in concert with others, and while knowing or should have known that their acts together or alone would or were likely to deprive Plaintiff of federally protected rights, such as in his property and equal protection interests in his employment or in state provided or contractually entitled employment benefits.

45. The proximate, direct, or legal cause of Plaintiff's injury and damages was and is the Defendants' acts, action or omissions and the conduct done under color of state law, which conduct, acts, action and omissions deprived the Plaintiff of federally secured rights, privileges and immunities, such as the First and Fourteenth Amendments.

46. Plaintiff, as a result of the Defendants acts, action or omissions, sustained both economic damages, such as lost wages, lost benefits attendant to the employment, and attorney fees, and sustained personal injury, such as embarrassment, humiliation and emotional distress.

## COUNT II
## 42 U.S.C. § 1983 et seq.
## Race Discrimination

47. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

48. Plaintiff, because of his race has been treated unequally or differently by the Defendants in the terms and conditions of employment and contract rights.

49. Plaintiff's unequal treatment by the Defendants is motivated because of Plaintiff's race and Defendants amicus for the Plaintiff's race.

## COUNT III
## Title VII - 42 U.S.C. § 2000e
## Employment Discrimination/Retaliation

50. Plaintiff, Holt, incorporates all preceding paragraphs hereto and as though repeated verbatim.

51. Plaintiff's protected status is black.

52. In violation of Title VII (42 U.S.C 2000e st seq.), Defendants discriminated against Plaintiff because of his race and/or opposition to perceived race employment

discrimination by; (a) not awarding Plaintiff a promotion to Patrol Sergeant which he was qualified for; (b) reassigned and/or demoted Plaintiff to Staff Services without notification or explanation; (c) removed Plaintiff from Officers of the Day roster without explanation; (d) denied access keys; (e) failed to properly investigate Plaintiff's complaint of racial discrimination to the EEO Unit; (f) denied Plaintiff a promotion for Station Commander at Jonestown and Schuylkill, which were awarded to Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white; and (g) giving Plaintiff an unwarranted three (3) day suspension.

53. In violation of Title VII (42 U.S.C 2000e et seq.), Defendants retaliated against Plaintiff after he engaged in the following protected activity; (a) Plaintiff filed a formal internal EEO complaint against the Pennsylvania State Police, specifically, alleging racial discrimination; (b) Plaintiff filed two charges with the Pennsylvania Human Relations Commission ("PHRC") against the Pennsylvania State Police alleging racial discrimination.

54. The following adverse action(s) were taken against Plaintiff; (a) failed to properly investigate Plaintiff's complaint of racial discrimination to the EEO Unit; (b) denied Plaintiff a promotion for Station Commander at Jonestown and Schuylkill, which were awarded to Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white; and (c) giving Plaintiff an unwarranted three (3) day suspension.

55. But for Plaintiff's protected activity, the above stated adverse actions would not have been taken against him. The adverse actions taken against Plaintiff occurred within a proximate time to the protected activity.

56. The Commonwealth of Pennsylvania is liable for the conduct of its employee, since Defendants, Capt. Johnson, and Sgt. Turner-Childs, were all acting within the scope of their employment when engaging in; race employment discrimination and/or retaliatory acts; not properly investigating the alleged employment discrimination; and suspending Plaintiff

from employment after he reported being subjected to perceived race employment discrimination.

57.     The Commonwealth of Pennsylvania has a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of sex and/or race or retaliation for opposing sex and/or race employment discrimination in violation of Title VII (42 U.S.C. 2000(e) et seq.).

58.     Defendants, Capt. Johnson, and Sgt. Turner-Childs, are supervisors and have authority over Plaintiff's employment terms and conditions, overtime pay, tour of duty, hours of employment, and discipline.  As supervisors, they carried out the Commonwealth's policy or practice to discriminate in employment terms and conditions because of race and/or sex or retaliate for opposing race and/or sex discrimination in violation of Title VII (42 U.S.C. 2000(e) et seq.).

59.     On May 7, 2009 and again on July 27, 2009, Plaintiff, filed a charge of discrimination based on race and/or sex and/or retaliation with the PHRC.  The charge was cross filed with the EEOC and asserted a violation of Title VII (42 USC 2000e) and the Pennsylvania Humans Relations Act alleging race discrimination.

60.     Plaintiff's employment discrimination charge identified Pennsylvania State Police as the employer, which it was when the charge was made.  The charge contained the name of Defendants, Capt. Johnson, and Sgt. Turner-Childs, and described their conduct, so as to put them on notice of potential liability under the employment discrimination laws of the United States and Commonwealth of Pennsylvania and under federal law for a "cats paw" theory of liability.

61.     **Plaintiff, has exhausted all administrative remedies, in that he has asked in writing for a Right-to-Sue letter from the Department of Justice,** and has the right to file suit in

federal sue under 42 U.S.C. § 2000(e) for discrimination based on race and/or sex and/or retaliation for opposing sex and/or race employment discrimination.

COUNT IV
State Pendent Claim
Pennsylvania Human Relations Act 43 P.S. § 951
Employment Discrimination/Retaliation

62.   Plaintiff, Holt, incorporates all preceding paragraphs hereto and as though repeated verbatim.

63.   Plaintiff's protected status is black.

64.   In violation of Pennsylvania Human Relations Act (43 P.S. § 951), Defendants discriminated against Plaintiff because of his race and/or his opposition to perceived race employment discrimination by; (a) not awarding Plaintiff a promotion to Patrol Sergeant which he was qualified for; (b) reassigned and/or demoted Plaintiff to Staff Services without notification or explanation; (c) removed Plaintiff from Officers of the Day roster without explanation; (d) denied access keys; (e) failed to properly investigate Plaintiff's complaint of racial discrimination to the EEO Unit; (f) denied Plaintiff a promotion for Station Commander at Jonestown and Schuylkill, which were awarded to Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white; and (g) giving Plaintiff an unwarranted three (3) day suspension.

65.   In violation of Title VII (42 U.S.C 2000e et seq.), Defendants retaliated against Plaintiff after he engaged in the following protected activity; (a) Plaintiff filed a formal internal EEO complaint against the Pennsylvania State Police, specifically, alleging racial discrimination; (b) Plaintiff filed two charges with the Pennsylvania Human Relations Commission ("PHRC") against the Pennsylvania State Police alleging racial discrimination.

66. The following adverse action(s) were taken against Plaintiff; (a) failed to properly investigate Plaintiff's complaint of racial discrimination to the EEO Unit; (b) denied Plaintiff a promotion for Station Commander at Jonestown and Schuylkill, which were awarded to Sgt. Paul Gaspich, white, and Sgt. Steven Stinsky, white; and (c) giving Plaintiff an unwarranted three (3) day suspension.

67. But for Plaintiff's protected activity, the above stated adverse actions would not have been taken against him. The adverse actions taken against Plaintiff occurred within a proximate time to the protected activity.

68. The Commonwealth of Pennsylvania is liable for the conduct of its employee, since Defendants, Capt. Johnson, and Sgt. Turner-Childs, were all acting within the scope of their employment when engaging in; race employment discrimination and/or retaliatory acts; not properly investigating the alleged employment discrimination; and suspending Plaintiff from employment after he reported being subjected to perceived race employment discrimination.

69. The Commonwealth of Pennsylvania has a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of sex and/or race or retaliation for opposing sex and/or race employment discrimination in violation of Pennsylvania Human Relations Act (43 P.S. § 951 et seq.).

70. Defendants, Capt. Johnson, and Sgt. Turner-Childs, aided and abetted the State's policy to discriminate in employment terms and conditions because of sex and/or race or retaliate for opposing sex and/or race employment discrimination.

71. On May 7, 2009 and again on July 27, 2009, Plaintiff filed a charge of discrimination based on race and/or sex and/or retaliation with the PHRC. The charge was

cross filed with the EEOC and asserted a violation of Title VII (42 USC 2000e) and the Pennsylvania Humans Relations Act alleging race discrimination.

72.    Plaintiff's employment discrimination charge identified the Pennsylvania State Police as the employer, which it was when the charge was made.  The charge contained the name of Defendants, Capt. Johnson, and Sgt. Turner-Childs, and described their conduct, so as to put them on notice of potential liability under the employment discrimination laws of the United States and Commonwealth of Pennsylvania and under an "aider and abettor" theory of liability.

73.    Plaintiff, has exhausted all administrative remedies and is entitled to file suit in the appropriate court under Pennsylvania Human Relations Act 43 P.S. § 951 et seq. for retaliation for opposing sex and/or race employment discrimination.

VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays the Court enter judgment for him and against the Defendants; to hold the Defendants joint and several liable; to award the Plaintiff such relief as to make Plaintiffs whole, including such relief as, but not limited to, compensatory and consequential and punitive damages, front and back pay, negative tax consequence relief, reasonable attorney fees, litigation costs, and any and all other such relief, including equitable relief, allowed by law or that the Court deems proper and just. Including reinstatement, declaring the Defendants acts, actions or omissions and conduct to have violated the Plaintiff's constitutional rights, the policy practice or custom unconstitutional, overly broad or sweeping, and to enjoin the State and all employees of the State from aiding or abetting the policy practice and custom declared unconstitutional.

Date: Oct. 13, 2010

Respectfully submitted,

BY _____
Alexis I. Zafferes, Esq.
Brian M. Puricelli, Esq.
Attorneys for Plaintiff
LAW OFFICES OF BRIAN M. PURICELLI
691 Washington Crossing Rd.
Newtown PA 18940
(215) 504-8115/ 8006