IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOLT II, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 10-5510 |
| PENNSYLVANIA, et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 25th day of June, 2014, upon consideration of "Defendants'
Commonwealth of Pennsylvania, Pennsylvania State Police, Johnson, Winterbottom and Brahl's
Post-Trial Motion for Judgment as a Matter of Law or in the Alternative Motion for a New Trial"
and accompanying brief (Doc. No. 121); "Plaintiff's Response in Opposition to Defendants'
Motion for Judgment as a Matter of Law or in the Alternative a New Trial" and accompanying
statement of facts (Doc. No. 131); and oral argument on May 7, 2014, **IT IS HEREBY
ORDERED** that:

1. Defendants Johnson, Brahl, and Winterbottom's Motion for Judgment as a Matter of Law
   as to the Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983, Count II
   of the second amended complaint, is:

   a. **GRANTED** in favor of Defendant Johnson and against Plaintiff with respect to
      the Philips incident;

1

b.   **DENIED** with respect to Plaintiff's non-assignment to Reading Patrol Sergeant by Defendant Johnson;

c.   **DENIED** with respect to Plaintiff's reassignment to Staff Services Sergeant by Defendant Johnson;

d.   **GRANTED** in favor of Defendant Johnson and against Plaintiff with respect to the removal from the Officer-of-the-Day roster;

e.   **DENIED** with respect to Plaintiff's non-assignment to the Station Commander positions at Jonestown and Schuylkill Haven by Defendant Johnson;

f.   **GRANTED** in favor of Defendant Brahl and against Plaintiff with respect to the roll call comments;

g.   **DENIED** with respect to the initiation of the IAD against Plaintiff pursuant to the "day off" incident by Defendant Brahl;

h.   **DENIED** with respect to Plaintiff's non-assignment to KOP by Defendant Winterbottom; and

i.   **DENIED** with respect to the initiation of the IAD investigation against Plaintiff for the schizophrenic memo by Defendant Winterbottom.

2.   Defendant Pennsylvania State Police's ("PSP")[1] Motion for Judgment as a Matter of Law as to the Title VII racial discrimination claim, Count III of the second amended complaint, and Defendant Johnson's Motion for Judgment as a Matter of Law as to the

---

[1] Since Plaintiff does not allege that the Commonwealth of Pennsylvania took any actions that were distinct from those taken by his employer, the PSP, we will refer only to the PSP.

state pendent PHRA aiding and abetting racial discrimination claim, Count IV of the second amended complaint, is:

    a. **GRANTED** in favor of the PSP and Defendant Johnson and against Plaintiff with respect to the Philips incident;

    b. **DENIED** with respect to Plaintiff's non-assignment to Reading Patrol Sergeant by Defendants Johnson and the PSP;

    c. **DENIED** with respect to Plaintiff's reassignment to Staff Services Sergeant by Defendants Johnson and the PSP;

    d. **GRANTED** in favor of the PSP and Defendant Johnson and against Plaintiff with respect to the removal from the Officer-of-the-Day roster; and

    e. **DENIED** with respect to the non-assignment to the Station Commander positions at Jonestown and Schuylkill Haven by Defendants Johnson and the PSP.

3. Defendants Johnson, Brahl, and Winterbottom's Motion for Judgment as a Matter of Law as to the First Amendment retaliation claim under 42 U.S.C. § 1983, Count I of the second amended complaint, is:

    a. **GRANTED** in favor of Defendant Johnson and against Plaintiff for the non-assignment to the Station Commander positions at Jonestown and Schuylkill Haven;

    b. **DENIED** with respect to the initiation of the IAD against Plaintiff pursuant to the "day off" incident by Defendant Brahl;

    c. **GRANTED** in favor of Defendant Winterbottom and against Plaintiff with respect to the non-assignment to KOP;

3

    d.  **GRANTED** in favor of Defendant Winterbottom and against Plaintiff with respect to the IAD investigation pursuant to the "command conference" incident; and

    e.  **DENIED** with respect to the initiation of the IAD investigation against Plaintiff for the schizophrenic memo by Defendant Winterbottom.

4.  Defendant PSP's Motion for Judgment as a Matter of Law as to the Title VII retaliation claim, Count III of the second amended complaint, and Defendant Johnson's Motion for Judgment as a Matter of Law as to the state pendent PHRA aiding and abetting retaliation claim, Count IV of the amended complaint, is **DENIED** with respect to the non-assignment to the Station Commander positions at Jonestown and Schuylkill Haven.

5.  The jury's award of $25,000 in compensatory damages and $25,000 in punitive damages attributable to the roll comments is **VACATED.**

6.  Defendant Brahl's motion for a new trial pursuant to Fed.R.Civ.P. 59(a)(1)(A) is **DENIED AS MOOT.**

7.  The Clerk of Court shall enter an award of **$1.00** for the jury's finding of liability, but no award of compensatory or punitive damages, for the First Amendment retaliation claim against Defendant Brahl.

8.  A telephonic conference will be held on **Wednesday, July 23, 2014 at 2:30 p.m.** to discuss the scheduling of the anticipated re-trial on those claims that remain.  Counsel for Plaintiff is directed to initiate the call and connect chambers (267-299-7790) when opposing counsel is on the line.

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE