IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOLT II, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 10-5510 |
| PENNSYLVANIA, et al., | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 19th day of August, 2015, upon consideration of "Defendants' Post-Trial Motion Pursuant to Fed. R. Civ. P. 50(b) and 59 for Judgment as a Matter of Law, or in the Alternative, for a New Trial" (Doc. 176); "Brief in Support of Defendants Commonwealth of Pennsylvania, Pennsylvania State Police, Johnson, Winterbottom and Brahl's Post-Trial Motion Pursuant to Fed. R. Civ. P. 50(b) and 59 for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial" (Doc. No. 184); "Plaintiff's Response to Defendant's Motion for Judgment as a matter of Law or in the Alternative a New Trial," (Doc. No. 192), "Plaintiff's Brief in Support of Non Remittitur," (Doc. No. 198); "Defendants Winterbottom and Brahl's Brief on the Limited Issue of the Sum, as Opposed to the Mere Entitlement to, Punitive Damages," (Doc. No. 199); "Plaintiff's Brief in Support of Non Remittitur (Amended)" (Doc. No. 200); and oral argument held on June 4, 2015, **IT IS HEREBY ORDERED** that:

1. the Defendant Pennsylvania State Police's Motion for Judgment as Matter of Law, as to Plaintiff's Title VII (Retaliation) claim for its decision not to assign Plaintiff to the Station Commander positions at either Jonestown or Schuylkill Haven is **GRANTED**;

2. the Defendant Steven Johnson's Motion for Judgment as a Matter of Law as to Plaintiff's

1

Pennsylvania Human Relations Act Aiding and Abetting claim (Retaliation) for his decision not to assign Plaintiff to the Station Commander positions at either Jonestown or Schuylkill Haven is **GRANTED**;

3. the Defendant Gerald Brahl's Motion for Judgment as a Matter of Law as to Plaintiff's Section 1983 Equal Protection (Race Discrimination) claim for his initiation of an IAD investigation against Plaintiff for the "day off" incident is **GRANTED**;

4. the Defendant Kathy Jo Winterbottom's Motion for Judgment as a Matter of Law as to Plaintiff's Section 1983 Equal Protection (Race Discrimination) claim for her decision not to assign Plaintiff to the Station Commander position at King of Prussia is **DENIED**;

5. the Defendant Kathy Jo Winterbottom's Motion for Judgment as a Matter of Law as to Plaintiff's Section 1983 Equal Protection (Race Discrimination) claim for her initiation of an IAD investigation against Plaintiff for the "Schizophrenic Memo" is **GRANTED**;

6. the Defendant Kathy Jo Winterbottom's Motion for Judgment as a Matter of Law on Plaintiff's Section 1983 (Retaliation) claim as to her initiation of an IAD investigation against Plaintiff for the "Schizophrenic Memo" is **GRANTED**;

7. the Defendant Kathy Jo Winterbottom's Motion for a New Trial as to Plaintiff's Section 1983 Equal Protection (Race Discrimination) claim for her decision not to assign Plaintiff to the Station Commander position at King of Prussia, on the grounds that the verdict was against the great weight of the evidence or that the verdict resulted from passion or prejudice, is **DENIED**;

8. the Defendant Kathy Jo Winterbottom's Motion for a New Trial as to Plaintiff's Section 1983 Equal Protection (Race Discrimination) claim for her decision not to assign Plaintiff

to the Station Commander position at King of Prussia, on the grounds that the award was excessive, is **CONDITIONALLY DENIED**, subject to Plaintiff's timely acceptance of the remittitur.  Should Plaintiff not accept a remittitur of $150,000 as to the compensatory award and $250,000 as to the punitive damage award[1] on this claim (resulting in an aggregate award of $100,000) by September 9, 2015, the Motion for a New Trial will be granted and a new trial will be ordered.  The new trial will address both liability and damages.

                BY THE COURT:

                 /s/ David R. Strawbridge
                DAVID R. STRAWBRIDGE
                UNITED STATES MAGISTRATE JUDGE

---

[1] Our remittitur of the punitive damage award is exercised under the discretion afforded by Fed. R. Civ. P. 59(d).