IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOLT II, | : | CIVIL ACTION |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 10-5510 |
| PENNSYLVANIA, et al., | : | |
|    Defendants. | : | |

**<u>MEMORANDUM AND OPINION</u>**

DAVID R. STRAWBRIDGE                                                                                   January 17, 2020
UNITED STATES MAGISTRATE JUDGE

Presently before the Court is Plaintiff's "Motion & Motion Affidavit for Recusal Under 455(a) and (b)," which was part of a filing initially seeking to "revoke consent to magistrate judge jurisdiction" and also to reply to a response filed by the Defendants concerning the pending attorney fee petition. (Doc. 278.) The question of magistrate judge jurisdiction was resolved, at Plaintiff's request, by the Honorable Mitchell S. Goldberg, the district court judge who had ordered the referral of this matter to the undersigned. *See* Doc. 281. We now turn to the recusal request, a necessary precursor to our resolution of the fee petition.

**I. Background**

    **A. Litigation overview**

The parties filed their consent to the jurisdiction of the undersigned magistrate judge on June 24, 2013. (Doc. 49.) The following month we set a trial date for October 2013. (Doc. 52.) We denied the defendants' motion for summary judgment in advance of trial (Doc. 58) and, upon the defendants' motion for reconsideration, we affirmed that decision. (Doc. 64.) We presided over the jury trial that lasted from October 30 to November 7, 2013 and resulted in an incomplete

1

verdict. (Doc. 93.)[1] As a result of Defendants' motion for judgment as a matter of law and the extensive briefing and oral argument that followed, we granted in part and denied in part Defendants' motion. (Docs. 133-34.) We then considered motions for reconsideration that were filed by both parties but declined to alter our decision. (Docs. 145-46.)

The case proceeded to retrial on the counts left unresolved by the first jury. Following a trial that lasted from October 29 to November 5, 2014, the jury reached a verdict on all counts and rendered a substantial award of compensatory and punitive damages. (Docs. 169, 170.) We accordingly entered judgment in favor of Holt and against Defendant Steven Johnson and the Pennsylvania State Police; against Defendant Kathy Jo Winterbottom; and against Defendant Gerald Brahl. (Doc. 166.) Defendants filed a motion for judgment as a matter of law, or in the alternative a new trial on the grounds that the awards were excessive. After extensive briefing and following oral argument, we granted in part and denied in part Defendants' motions. (Docs. 201, 202.) As a result of our ruling, Plaintiff had the option to accept a remittitur or proceed to a new trial on damages concerning the judgment against Defendant Winterbottom – a claim as to which we denied Defendants' motion for judgment as a matter of law. He opted to accept a remittitur. (Doc. 204.) We accordingly entered a judgment order in his favor and against Winterbottom for the verdict sum as remitted. (Doc. 208.) At the same time, Plaintiff filed a notice of appeal as to

---

[1] The jury was asked to answer 11 questions on liability under the various legal and factual premises advanced by Plaintiff. The jury answered only two of those questions, resolving both of them in favor of Plaintiff and against Defendant Brahl. The jury awarded $25,000 in compensatory damages and $25,000 in punitive damages in favor of Plaintiff. It attributed the monetary awards entirely, however, to only one of the allegedly adverse actions. That verdict did not survive post-trial motions. Accordingly, we entered judgment in favor of Plaintiff and against Defendant Brahl in the amount of $1.00 as nominal damages in recognition of the jury's finding that Brahl retaliated against Plaintiff when he initiated an investigation into Plaintiff having taken a day off without properly notifying his supervisor.

the ruling granting other defendants judgment as a matter of law.[2] On April 11, 2017, the Court of Appeals affirmed in all respects but for the entry of judgment in favor of Defendant Johnson on a Title VII retaliation claim. The matter was then remanded for reinstatement of the jury's verdict with respect to that claim, subject to our conditional ruling limiting that award. (Doc. 216.)

We promptly reinstated the verdict in favor of Holt and against Johnson on that particular count. As Plaintiff had not challenged on appeal our conditional ruling remitting the award on the ground that the jury's award as to that claim was excessive, on April 18, 2017 we ordered a new trial to determine the amount of compensatory damages due on this claim, subject to Plaintiff's timely acceptance of the remittitur. (Doc. 217.) Plaintiff rejected the remittitur and opted to have this damages claim tried before a third jury.

Following a two-day trial held on August 9-10, 2017 that addressed solely the compensatory damages due to him from Defendant Johnson's failure to assign him to one of two Station Commander posts he sought in 2009, the jury awarded Holt $2,700. (Doc. 240.) We scheduled an evidentiary hearing for September 29, 2017 with respect to a wage loss claim advanced by Plaintiff, which was not put before the jury in the trial. Ultimately the parties agreed to resolve those issues without an evidentiary hearing by working with Magistrate Judge Rice. After reaching that point, Plaintiff filed a motion for a new trial regarding the 2017 damages trial concerning the claim against Defendant Johnson. Following briefing, we denied the motion. (Doc. 268.) Plaintiff filed a notice of appeal on November 29, 2018. On July 10, 2019, however, that

---

[2] We provided conditional rulings concerning these claims, addressing Defendants' alternative motion for a new trial on the grounds that the verdict was excessive. We determined remitted amounts as to each count that could obviate the need for a new (third) trial if the case were remanded on appeal. Plaintiff sought review of our legal ruling that the defendants were entitled to judgment on those counts as a matter of law. He did not, however, challenge the conditional rulings regarding the remittiturs.

3

court affirmed this Court's October 30, 2018 ruling, leaving in place the $2,700 verdict. (Doc. 271.)

### B. Fee petition litigation; recusal challenge

Plaintiff first filed a petition for the award of counsel fee and litigation costs in this case on November 18, 2014, following the entry of judgment of November 5, 2014 after the second trial. (Doc. 173.) Defendants objected that the time record documents included in Plaintiff's petition was "confusing and unintelligible" due to their formatting. (Doc. 175, ¶ 6.) They asked that Plaintiff be compelled to supplement his motion and that they be allowed 30 days in which to respond to the petition as supplemented. Following a telephone conference, it was agreed that Plaintiff would file a clarifying and supplemental petition but would do so after resolution of Defendants' pending post-trial motions. *See* Doc. 177 (accepting that fee petition "contains substantial deficiencies" and ordering plaintiff to supplement the motion "within 14 days after the District Court's resolution of" defendants' post-trial motions).

We ruled on the post-trial motions on August 19, 2015. (Doc. 202.) Plaintiff then filed his supplemental petition on September 1, 2015. (Doc. 203.) Respondents objected to the fee petition on October 28, 2015 (Doc. 211), and Plaintiff replied on November 11, 2015 (Doc. 212). In light of the then-pending appeal to the Third Circuit and following a telephone conference with counsel, on March 17, 2016, the Court then stayed the matter in district court. *See* Doc. 214 (explaining determination "that it is in the interest of judicial economy to stay this action until such time the pending appeal on the final judgment is resolved"). The case was removed from the civil suspense file after the Third Circuit remanded the case in April 2017 for resolution of Holt's Title VII retaliation claim against Defendant Johnson. That trial was completed in August 2017. Plaintiff

4

did not further address the question of his fee petition while post-trial motions were litigated and he took his second appeal to the Third Circuit.

On August 14, 2019, within a short time of the Third Circuit mandate of August 2, 2019, Plaintiff filed a supplement to his fee petition. (Doc. 272.) New counsel for Defendants entered an appearance, reporting that the prior attorneys who handled the trials were no longer employed by the Commonwealth. He sought a 14-day extension of time to file a response to the Plaintiff's supplement, vowing to respond by September 11, 2019. (Doc. 274.) Plaintiff registered his opposition to the request for an extension of time (Doc. 275), but the Court granted the request on August 14, 2019. (Doc. 276.) Defendants filed their response to the fee petition as promised on September 11, 2019. (Doc. 277).

Plaintiff's reply to that response, filed on September 23, 2019, was accompanied by the recusal request presently before the Court. (Doc. 278.) Plaintiff's recusal request is premised upon two assertions: (1) "The Court's decision to allow the defendants more time so they may respond to the 2015 Fee Petition creates an appearance of bias against the verdict winner plaintiff" (Doc. 278, Mot. at ¶ 11); and (2) "The Court's delay in deciding the Fee Petition creates a conflict for the Court since it is a witness for the listed 2020 trial on the plaintiff's middle district court litigation against the PSP[.]" (*Id.* at ¶ 12.) Defendants have not filed a response to the recusal motion.

For the reasons set forth below, we find that recusal is not warranted and will deny the motion.

## II. Discussion

### A. The Applicable Law

The statute that Plaintiff cites in his request, 28 U.S.C. § 455, provides in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455. Plaintiff does not identify which ground of (b)(1) he believes warrants recusal: "bias or prejudice concerning a party." or "personal knowledge of disputed evidentiary facts."[3]

With respect to disqualification under § 455(b)(1), courts have held that the litigant must prove "actual bias or prejudice" "by compelling evidence," *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996), and that the evidence of a "negative bias or prejudice … must be grounded in some personal animus or malice that the judge harbors against [him/her]." *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985). Courts have recognized the threshold for determining if this

---

[3] We note that Plaintiff also identified subsection (b)(5) as relevant to his motion. That section provides that the judicial officer shall recuse if:

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
…
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b). It is unclear if Plaintiff believes that this section applies because the undersigned is, allegedly, "a material witness" in his lawsuit in the Middle District. The same question applies to his citation of § 455(b)(1), which includes as a ground for recusal "personal knowledge of disputed evidentiary facts concerning the proceeding." The statutory text of each of these provisions, however, clearly links the need to recuse to the scenario in which the judicial officer would likely be a witness in "*the* proceeding" over which the judge presides as opposed to some other, unspecified proceeding. As to this litigation, therefore, *i.e.*, E.D. Pa. Civ. A. No. 10-5510, this language would not require recusal. The undersigned is clearly not a material witness in this employment discrimination and retaliation dispute concerning the Pennsylvania State Police, the litigation of which has essentially concluded but for the resolution of this motion and the fee petition.

bias exists is whether a reasonable person would be convinced of the judge's bias, *see Hook*, 89 F.3d at 355, where a "reasonable person" is described as a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person[.]" *Andrade v. Chojnacki*, 338 F.3d 448, 462 (5th Cir. 2003). The Supreme Court has explained that the "personal bias or prejudice" language of subsection (b)(1) "connot[es] a favorable or unfavorable disposition or opinion [towards an individual or his/her case] that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess …, or because it is excessive in degree[.]" *Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis in original).

The opening subsection of this statute, 28 U.S.C § 455(a), separately requires a judge to recuse in any proceeding in which his or her "impartiality might reasonably be questioned." It thus encompasses a potentially broader array of judicial conduct and serves as a sort of "catchall" recusal provision, covering both "interest or relationship" and "bias or prejudice" grounds addressed by previous versions of 28 U.S.C. § 455 (as well as 28 U.S.C. § 144, which Plaintiff does not cite in his petition), "but requiring them *all* to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky*, 510 U.S. at 548 (emphasis in original).

The bias, prejudice, or appearance of partiality requiring disqualification under 28 U.S.C. § 455(a) or § 455(b)(1) is not generally established *solely* by adverse rulings. In all litigation, judges make rulings adverse to one or the other party. As one trial court noted, an adverse ruling, while it may be "unwelcome[,] is simply too commonplace a circumstance to support an allegation of bias." *Marion v. Radtke*, No. 07-cv-243-bbc, 2009 WL 1373660 at *6 (W.D. Wis. May 14, 2009). Rather, as the Supreme Court emphasized in *Liteky*, "judicial rulings alone almost never

constitute a valid basis for a bias or partiality motion," and "[a]lmost invariably," judicial rulings "are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. In and of themselves, "*i.e.,* apart from surrounding comments or accompanying opinion," judicial rulings "cannot possibly show reliance upon an extrajudicial source," and "can only in the rarest circumstances" evidence the "high degree of favoritism or antagonism" that would make fair judgment impossible and thus require recusal. *Id.*

The *Liteky* Court similarly found that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" do not provide a basis for disqualification "unless they display a deep-seated favoritism or antagonism that would make fair judgment possible." *Id.* Applying these principles to the context of statements made by the judge, the Court continued:

> Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id*. The Court provided an example of one circumstance where recusal was warranted due to judicial expression revealing a high degree of antagonism to German-American defendants in a World War I era espionage case because of their German heritage. *Id.*[4] But the *Liteky* Court emphasized that bias or partiality within the ambit of § 455 is not established by "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes

---

[4] The district judge was alleged to have stated that "[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Liteky*, 510 U.S. at 555 (quoting *Berger v. United States*, 255 U.S. 22, 28 (1921)).

8

display." *Id.* at 555-56. With regard to courtroom management, the Court added that "ordinary efforts of courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune." *Id.* at 556. Applying those principles, the Court in *Liteky* found that the various actions about which the defendants complained did not require recusal.[5]

### B. Analysis

By his motion and accompanying brief, Holt alleges that: (1) the appearance of bias is established due to the fact that the Court has not yet ruled on the pending fee petition; and (2) the Court now operates under a conflict of interest relating to involvement in interactions between the parties that have led to another lawsuit brought by Plaintiff that is allegedly set for trial in 2020. *See* Pl. Mem. of Law, Doc. 278-1 at 4-5; Pl. Mot., Doc. 278, at ¶¶ 9, 12.

We consider the first ground to seek to challenge judicial or courtroom administration, which, like judicial rulings, does not support a recusal motion under § 455 except where the movant shows "such a high degree of favoritism or antagonism as to make fair judgment impossible."

---

[5] The two defendants in *Liteky* sought recusal of the trial judge based on rulings he had made and statements he had uttered when he presided over an earlier case in which one of them was charged with similar offenses. That same defendant also brought a second recusal motion based on the judge's admonishment of his attorney and of the codefendants. The petitioners also pointed to questions the judge put to certain witnesses, an alleged "anti-defendant tone," his cutting off of testimony, and his denial post-trial of the petitioners' motion to appeal *in forma pauperis*. *Liteky*, 510 U.S at 556. The Supreme Court concluded that recusal was not warranted on those bases:

> All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses. All occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

*Id.*

*Litecky*, 510 U.S. at 555-56. We do not believe that any reasonable observer would find that to be the case here. Resolution of Plaintiff's fee petition under 42 U.S.C. § 1988 will involve an assessment of the degree of success in the litigation. This could not be determined until the appeals concluded, which occurred on August 2, 2019, when the July 10, 2019 order of the Third Circuit was certified. We consider our decision to defer consideration of the fee petition until the conclusion of the appeal period in the Court of Appeals to be a sensible allocation of judicial resources and certainly not without precedent. The fee petition has thus not "remained outstanding" "without obvious reason," as Plaintiff argues. *See* Pl. Mem. of Law, Doc. 278-1 at 4-5. Furthermore, it was the Court's understanding that this approach was agreed upon by the parties, and their actions conform with this understanding.

It was only when the Third Circuit order was certified that Plaintiff updated his petition on August 4, 2019, bringing the question of counsel fee back into focus. Within two weeks, defense counsel asked for a short and reasonable extension, which we granted.[6] The delays that followed after Defendants' filed their response September 11, 2019 are not attributable to the Court. Instead of simply filing a reply brief and allowing briefing to close so that we could adjudicate the petition, Plaintiff sought to "withdraw" his consent to magistrate judge jurisdiction. This led to an approximately two-month detour as all parties waited for Judge Goldberg, whom Plaintiff believed was the proper judicial official to rule on the motion, to have an opportunity to consider the matter. The judicial resources (read: time) being spent on this motion to recuse only further frustrate what

---

[6] While Plaintiff's counsel may well have had a personal interest in resolving the petition issues quickly, he would have to expect that the Attorney General's Office would want to respond to his filing and to have the opportunity to address the open question of the degree to which Plaintiff prevailed in the litigation that had finally concluded.

should be the shared wish of all of the parties to resolve the outstanding fee petition and bring this litigation to a close.

The second ground for recusal asserted that the Court has a conflict of interest or developed animosity towards Plaintiff because the undersigned is listed as a witness in his Middle District of Pennsylvania litigation. The Court is unaware of the status of the Middle District litigation in the and is unaware that the undersigned was expected to be a witness. Upon review of the complaint in that case, initially filed in this district at Civ. A. No. 17-2511, it is not apparent how or why the undersigned would be believed to have information relevant to Plaintiff's dispute with his employer, assuming that the complaint initially filed here still governs. The fact of Holt's litigation activity and the defenses asserted by Defendants are matters of public record. Any settlement discussions to which the undersigned was privy are presumably inadmissible under Fed. R. Evid. 408, which would seem to further remove any subject over which the undersigned has any factual knowledge to which he could testify. Given that the undersigned does not expect that he has any admissible testimony to offer in any litigation in which Plaintiff is involved, Plaintiff's belief that I am "listed" as a trial witness in an upcoming trial in the Middle District of Pennsylvania would not create any conflict with this Court's consideration of the pending counsel fee petition.

We do not find any actions of the Court that would lead an objective observer, as envisioned by 28 U.S.C. § 455(a), to reasonably question the Court's impartiality. *See Liteky*, 510 U.S. at 548 (describing perspective for § 455(a) evaluation). Nor do we find the circumstances of the litigation to be compelling evidence that the Court has "a personal bias or prejudice concerning a party" that would require recusal under 28 U.S.C. § 455(b)(1). The Court certainly need not recuse on the basis that the undersigned has personal knowledge of the facts in dispute in the lawsuit, as he has no such knowledge and the litigation pending here has concluded, for all intents

11

and purposes.  Finally, as our Court of Appeals has noted, "when the court has invested substantial judicial resources and there is indisputably no evidence of prejudice, a motion for recusal of a trial judge should be supported by substantial justification, not fanciful illusion."  *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 237 (3d Cir. 2001) (resolving recusal motion filed "[a]fter a massive proceeding").  Given that this litigation has reached its very end stages, recusal at this stage would require a particularly compelling reason.  No such reason is present here.

      An appropriate Order follows.

                                                 BY THE COURT:

                                                 /s/ David R. Strawbridge, USMJ
                                               DAVID R. STRAWBRIDGE
                                               UNITED STATES MAGISTRATE JUDGE